# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3722

_____

United States of America,

         Appellee,

       v.

Ronald D. Charles,

         Appellant.

Appeal from the United States
District Court for the
Eastern District of Arkansas.

_____

Submitted:  March 14, 2000

Filed:  April 24, 2000

_____

Before McMILLIAN and HEANEY, Circuit Judges, and BOGUE[1], District Judge.

_____

HEANEY, Circuit Judge.

Ronald Charles pleaded guilty to possession of a stolen firearm in violation of 18 U.S.C. § 922(j) (1999).  His presentence report (PSR) established a base offense level of twenty-four and assessed four criminal history points for three prior convictions.  Over Charles's objections, the district court adopted the PSR's findings

_____

[1]The Honorable Andrew W. Bogue, United States District Judge, for the District of South Dakota, sitting by designation.

and sentenced Charles to eighty-four months imprisonment and three years supervised release. We reverse and remand for resentencing.

## FACTS

On March 22, 1994, Charles entered a convenience store in Jacksonville, Arkansas, and took property valued at over $200.00. Nine days later, he again entered the convenience store to take property, and was arrested by the Jacksonville Police. Charles was charged with commercial burglary (count one) and theft of property (count two) for the March, 22, 1994 incident and with commercial burglary (count three) for the March 31, 1994 incident. On August 1, 1994, Charles pleaded guilty to all counts. The counts were consolidated for sentencing, and Charles was sentenced to fifteen days imprisonment and five years probation. Charles's probation was revoked on May 8, 1995, and he was sentenced to two years in the state penitentiary.

On July 12, 1999, Charles pleaded guilty in federal district court to possession of a stolen firearm. His PSR established a base offense level of twenty-four and assessed four criminal history points for the three convictions. Charles objected, but the district court overruled his objections and sentenced him to eighty-four months imprisonment and three years supervised release. Charles appeals.

## DISCUSSION

We review de novo the district court's construction and interpretation of the Sentencing Guidelines, but review the district court's application of the Guidelines to the facts only for clear error. See United States v. Holland, 195 F.3d 415, 416 (8th Cir. 1999).

## A.    Base Offense Level

Charles first argues that his base offense level should have been twenty, not twenty-four. Where a defendant is charged with the unlawful possession of a firearm and has at least two prior felony convictions of a crime of violence or controlled substance offense, the base offense level is twenty-four. <u>See</u> U.S.S.G. § 2K2.1(a)(2) (1999).

Charles does not dispute that his two commercial burglary convictions are crimes of violence. <u>See</u> <u>generally</u> <u>United States v. Hascall</u>, 76 F.3d 902, 906 (8th Cir. 1996) (holding that burglary of commercial building is "crime of violence" under Guidelines). He argues, however, that the convictions are not two prior felony convictions as defined by the Guidelines because he received a single sentence of fifteen days imprisonment and five years probation for the three counts. The government, on the other hand, argues that Charles received three concurrent sentences of fifteen days imprisonment and five years probation, which should be counted separately.

Under the Guidelines, two prior felony convictions means that: "(1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense . . . , and (2) the sentences for at least two of the aforementioned felony convictions are *counted separately* under the provisions of § 4A1.1(a), (b), or (c)." U.S.S.G. § 4B1.2(c) (emphasis added). The record reveals that Charles received fifteen days imprisonment and five years probation on each of the three counts. In the Judgment and Commitment Order, the sentencing court[2] specifically noted next to each charge that the sentence imposed was fifteen days. Moreover, the circuit judge could have delineated on the Order that the sentences were to run consecutively. Because the judge in this case did not so delineate, Charles's sentences ran concurrently, resulting in a total imprisonment term of fifteen days for the three charges.

---

[2] Charles was sentenced on his state offenses by the Circuit Court of Pulaski County, Arkansas.

However, the fact that Charles was sentenced on each count does not necessarily render his sentences separate under the Guidelines. Where prior sentences are imposed in related cases, they are treated as one sentence for the purposes of § 4A1.1(a), (b), or (c). See U.S.S.G. § 4A1.2(a)(2). Prior sentences are related if, among other things, they were consolidated for trial or sentencing. See § 4A1.2, comment. (n.3).

In this case, the charges against Charles were consolidated for sentencing. Thus, they are treated as a single sentence and, therefore, not counted separately. For this reason, Charles's commercial burglary convictions are not two prior felony convictions, and he does not qualify for a base offense level of twenty-four.

## B. Criminal History Points

Charles next argues that he should have received only three, rather than four, criminal history points for the three convictions. He claims that his original sentence should have been added to the sentence he received upon probation revocation and counted together as a single sentence. As one sentence, he argues, a maximum of three criminal history points could be assessed. The government contends that because the cases were related, the three sentences rightly were counted as one, and the PSR properly assessed three points for count one and an additional point for count three. Interestingly, the government's position that the sentences be counted as one to determine Charles's criminal history points directly contradicts that taken in its base offense level argument.

When calculating criminal history points, the original term of imprisonment is added to any sentence imposed upon revocation, which in this case equals two years and fifteen days for each charge. See § 4A1.2(k)(1). Where a prior sentence of imprisonment exceeds one year and one month, three points are added. See U.S.S.G. § 4A1.1(a). Thus, it would seem Charles should be assessed three points for each charge. However, because the charges were consolidated for sentencing, they are

treated as a single sentence, <u>see</u> § 4A1.2(a)(2), yielding a total of three criminal history points.

This, nevertheless, does not end the calculation. Although the three sentences are treated as one, a point must be added for each prior sentence not receiving any points under § 4A1.1(a), unless the offenses occurred on the same occasion. <u>See</u> § 4A1.1(f). Charles's sentence for count one exceeded one year and one month, justifying the three point assessment without considering counts two and three. Because counts one and two occurred on the same occasion, no additional point need be added for count two. However, count three occurred several days later, so a point must be added to the criminal history, making a total of four points. Hence, the PSR correctly assessed four criminal history points for the three convictions.

## CONCLUSION

Although the PSR correctly determined Charles's criminal history points, it incorrectly set his base offense level at twenty-four. Because the district court adopted the PSR's findings when sentencing Charles, we reverse and remand to the district court for resentencing.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.