# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1851

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of South Dakota. |
| Nicholas W. Ruhaak, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: August 29, 2002

Filed: October 31, 2002

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MELLOY, Circuit
Judges.

_____

PER CURIAM.

Nicholas W. Ruhaak pleaded guilty to being a felon in possession of a firearm,
in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court determined
that Mr. Ruhaak had two prior convictions for crimes of violence within the meaning
of U.S.S.G. § 2K2.1(a)(2), and therefore assigned him a base offense level of 24.
Mr. Ruhaak appeals, and we reverse and remand.

In felon-in-possession cases, a base offense level of 24 is warranted if the
defendant has at least two prior felony convictions for crimes of violence.

See U.S.S.G. § 2K2.1(a)(2). A prior felony conviction is a crime of violence under this provision if it receives criminal history points and is counted separately under U.S.S.G. § 4A1.1(a)-(c). See U.S.S.G. § 2K2.1, comment. (n.15). Mr. Ruhaak concedes that he has one qualifying prior felony conviction for possession of an unregistered firearm (a pipebomb). He argues, however, that the second conviction the district court counted as a qualifying prior crime-of-violence conviction--for unlawful transfer of a firearm--does not qualify. Mr. Ruhaak was convicted of unlawful transfer of a firearm and unlawful sale of a firearm in 1993. The two offenses were grouped for sentencing purposes, and he received concurrent sentences of 21 months imprisonment on each count. In calculating Mr. Ruhaak's sentence for the instant offense, the district court assessed 3 criminal history points under section 4A1.1(a) for the concurrent sentences. The government concedes that the unlawful-sale conviction is not a qualifying prior crime-of-violence conviction, and Mr. Ruhaak contends that the unlawful-transfer conviction did not receive criminal history points and was not counted separately under section 4A1.1(a)-(c).

The government argues, in response, that the Guidelines' "grouping" rules dictate that the unlawful-transfer conviction must be considered to have received the criminal history points, because it was the dominant conviction for determining the grouped counts' base offense level, and because this construction is consistent with U.S.S.G. § 4A1.2(a)(2), which in defining "prior sentence" directs courts to use the longest sentence of imprisonment for concurrent sentences.

We previously have recognized, in the context of U.S.S.G. § 4B1.2, that where prior convictions were consolidated for sentencing and are to be treated as one sentence for purposes of section 4A1.1(a)-(c), it is not clear whether the individual convictions receive criminal history points. See United States v. Peters, 215 F.3d 861, 862-63 (8th Cir. 2000). A similar ambiguity exists under section 2K2.1(a)(2), and we find that both Mr. Ruhaak's and the government's readings of section 2K2.1(a)(2) are plausible. Therefore, we apply the rule of lenity and give Mr. Ruhaak

"the benefit of the reading that results in the shorter sentence." See United States v. Oetken, 241 F.3d 1057, 1060 (8th Cir. 2001).

Accordingly, we reverse and remand. On remand we direct the district court to resentence Mr. Ruhaak, using a base offense level of 20. See U.S.S.G. § 2K2.1(a)(4) (base offense level is 20 where, inter alia, defendant committed instant offense subsequent to 1 felony crime-of-violence conviction).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.