# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 03-1289

————————

United States of America,         *
          *

        Appellee,      *
          *   Appeal from the United States

v.         *   District Court for the
          *   District of Nebraska.

Jose Alfonso Castaneda-Villa, also   *
known as David Robert Escarpita,   *   [PUBLISHED]
          *

        Appellant.     *

————————

Submitted: September 23, 2003
Filed: September 30, 2003

————————

Before RILEY, HANSEN, and SMITH, Circuit Judges.

————————

PER CURIAM.

Jose Alfonso Castaneda-Villa (Castaneda) pleaded guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of a mixture containing methamphetamine and 5 kilograms or more of a mixture containing cocaine, in violation of 21 U.S.C. § 846. At sentencing, Castaneda contended that the recent revision to U.S.S.G. § 2D1.1(a)(3) was unclear, and urged the district court[1] to limit his base offense level to 30. The court construed Castaneda's argument as an

---

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

objection to the presentence report (PSR) and overruled it, and sentenced him to 70 months imprisonment followed by 5 years supervised release. Castaneda appeals, reasserting his sentencing argument.

As amended in November 2002, section 2D1.1(a)(3) prescribes the base offense level for a drug offense as that specified in the drug quantity table, "except that if the defendant receives an adjustment under § 3B1.2 (Mitigating Role), the base offense level under this subsection shall be not more than level 30." After careful review of the record, we find that the district court did not err in sentencing Castaneda as Castaneda stipulated in his plea agreement that he was not eligible for a mitigating-role reduction, and unobjected-to statements in the PSR support such a finding. See United States v. Charles, 209 F.3d 1088, 1089-90 (8th Cir. 2000) (standard of review); United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) (defendant who explicitly and voluntarily exposes himself to specific sentence may not challenge that punishment on appeal); United States v. Beatty, 9 F.3d 686, 690 (8th Cir. 1993) (district court may accept as true all unobjected-to factual statements in PSR).

Accordingly, we affirm the judgment of the district court.

_____