**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4262**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARTIS EUGENE SLADE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. James A. Beaty, Jr.,
Chief District Judge. (1:07-cr-00324-JAB-1)

Submitted: September 28, 2009        Decided: October 13, 2009

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

C. Scott Holmes, BROCK, PAYNE & MEECE, P.A., Durham, North
Carolina, for Appellant. Anna Mills Wagoner, United States
Attorney, Lisa B. Boggs, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Artis Eugene Slade pled guilty pursuant to a plea agreement to possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). Slade moved to withdraw his guilty plea, which the district court denied. The court sentenced Slade as a career offender to 292 months of imprisonment. On appeal, Slade asserts that the district court erred by denying his motion to withdraw his guilty plea and by sentencing him as a career offender. Finding no reversible error, we affirm.

Slade first challenges the district court's denial of his motion to withdraw his guilty plea on the ground that he did not knowingly and voluntarily enter his guilty plea because the district court failed to inform him of the statutory maximum sentence of life imprisonment. Where, as here, Slade failed to raise the ground he pursues on appeal in his motion to withdraw,[*] our review is for plain error. United States v. Mescual-Cruz, 387 F.3d 1, 6-7 (1st Cir. 2004). To establish plain error, Slade "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (reviewing

_____

[*] Slade raised this issue in a subsequent motion to withdraw his guilty plea, which he later withdrew from the court's consideration.

2

unpreserved Rule 11 error).  "The decision to correct the error lies within our discretion, and we exercise that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  Id. at 343 (internal quotation marks omitted).

"There is no absolute right to withdrawal of a guilty plea."  United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (citing United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991)).  The defendant bears the burden of showing a "fair and just reason" for the withdrawal of his guilty plea.  Fed. R. Crim. P. 11(d)(2)(B).  "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding . . . ."  United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).  An appropriately conducted Rule 11 proceeding, however, "raise[s] a strong presumption that the plea is final and binding."  Id.  With these standards in mind, we have reviewed the record on appeal and conclude that the district court did not commit plain error by denying Slade's motion to withdraw his guilty plea.

Slade also asserts on appeal that the district court improperly sentenced him as career offender.  He argues that, because the 2003 felony conviction for possession with intent to sell and deliver marijuana did not receive criminal history points pursuant to U.S. Sentencing Guidelines Manual ("USSG")

3

§ 4A1.2(a)(2)(B) (2008), it did not count as a predicate offense for career offender purposes. We review de novo a district court's legal interpretation of the sentencing guidelines and review for clear error its factual findings. United States v. Collins, 415 F.3d 304, 315 (4th Cir. 2005).

Section 4B1.1 of the sentencing guidelines defines a career offender as a defendant who (1) was at least eighteen years old when he committed the instant offense, (2) is convicted of a felony that is either a crime of violence or a controlled substance offense, and (3) "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). "[T]wo prior felony convictions" means that Slade committed the § 924(c) offense after being convicted of "at least two felony convictions of either a crime of violence or a controlled substance offense . . . , and . . . the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c)." USSG § 4B1.2(c). "The provisions of § 4A1.2 . . . are applicable to the counting of convictions under § 4B1.1." USSG § 4B1.2 cmt. n.3; United States v. Mason, 284 F.3d 555, 558 (4th Cir. 2002).

The guidelines provide for the assessment of "2 points for each prior sentence of imprisonment of at least sixty days not counted in (a)," USSG § 4A1.1(b), and for the assessment of

4

"1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points," USSG § 4A1.1(c). "The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt . . . for conduct not part of the instant offense." USSG § 4A1.2(a)(1). The guidelines also explain how to treat multiple prior sentences:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence. . . .
>
> For purposes of applying § 4A1.1(a), (b), and (c), if prior sentences are counted as a single sentence, use the longest sentence of imprisonment if concurrent sentences were imposed. If consecutive sentences were imposed, use the aggregate sentence of imprisonment.

USSG § 4A1.2(a)(2).

Applying these guidelines to Slade's case, the 2003 controlled substance offense and the stolen goods offense were counted as a single sentence because there was no intervening arrest and the sentences were imposed on the same day. Where the offenses constituted a single sentence and consecutive sentences were imposed, the district court was required to look at the aggregate sentence of imprisonment imposed--ninety days. That sentence of imprisonment required the district court to

5

assess two criminal history points for the single sentence under USSG § 4A1.1(b).  The prior single sentence received two criminal history points, was counted under the guidelines, and involved a controlled substance offense, thereby qualifying as the second predicate offense needed to classify Slade as a career offender.  We therefore conclude that the district court properly relied on the 2003 drug offense to find that Slade was a career offender.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED