# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3262

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Patrick Pierce, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: June 18, 2010
Filed: June 23, 2010

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

After Patrick R. Pierce pled guilty to one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1), the district court[1] sentenced him to 57 months' imprisonment (within the Sentencing Guidelines range).

Pierce pled guilty under a written plea agreement that contained a waiver of his right to appeal "all sentencing issues, including any issues relating to the determination of . . . the Total Offense Level," other than one issue not relevant here.

_____

[1] The Honorable Catherine D. Perry, Chief Judge, United States District Court for the Eastern District of Missouri.

*See United States v. Reeves*, 410 F.3d 1031, 1033 (8th Cir. 2005) (enforcing appeal waiver covering "whatever sentence is imposed, any issue relating to the establishment of the Total Offense Level"). We will enforce the appeal waiver in this case. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (waiver enforced and appeal dismissed where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice results).

Pierce's argument on appeal falls within the scope of the appeal waiver, and the record shows the requisite knowledge and voluntariness. *See id.* at 890-91 ("One important way a district court can help ensure that a plea agreement and corresponding waiver are entered into knowingly and voluntarily is to properly question a defendant about his or her decision to enter that agreement and waive the right to appeal."). Further, enforcing the appeal waiver would not result in a miscarriage of justice. *See id.* at 891-92 (the miscarriage-of-justice exception to enforcing an otherwise valid appeal waiver is extremely narrow and "an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver"). Finally, Pierce's ineffective-assistance of counsel claim is not properly raised in this direct criminal appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 827 (8th Cir. 2006). Accordingly, we dismiss the appeal.

_____