# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3465

_____

Raphael L. Donnell

*Movant - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 11, 2014
Filed: August 26, 2014

_____

Before LOKEN, BYE, and COLLOTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

A jury convicted Raphael L. Donnell of violating 21 U.S.C. §§ 841 and 846 by conspiring to distribute ecstacy. We affirmed his conviction and 240-month sentence on direct appeal. United States v. Donnell, 596 F.3d 913, 919-21, 925-26 & n.5 (8th Cir. 2010), cert. denied, 131 S. Ct. 994 (2011). Donnell then moved to vacate his sentence under 28 U.S.C. § 2255 arguing, *inter alia*, that the ineffective assistance of his appellate counsel resulted in our affirming an improper career-offender sentencing

determination.  See U.S.S.G. § 4B1.1(a).  The district court[1] denied § 2255 relief.  We granted a certificate of appealability on this issue.  Reviewing *de novo*, Pierce v. United States, 686 F.3d 529, 531 (8th Cir. 2012), we affirm.

## I.  The Issue on Appeal

The Guidelines' career offender provisions increase a defendant's base offense level if he is convicted of a crime of violence or a controlled substance offense and "has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a)(3).  Donnell's Presentence Investigation Report ("PSR") identified two state convictions as predicates for the career offender enhancement:  a 1992 conviction for robbery in the first degree and a 2005 felony conviction for resisting arrest.  Only the resisting arrest conviction is here at issue. Donnell concedes that resisting arrest was a qualifying crime of violence but argues that it was improperly counted, applying King v. United States, 595 F.3d 844 (8th Cir. 2010), a decision published after argument and submission of Donnell's direct appeal but before we filed our opinion affirming his conviction and sentence.

The term "two prior felony convictions" in § 4B1.1(a)(1) means two qualifying felony convictions that "are counted separately under the provisions of § 4A1.1(a), (b), or (c)."  U.S.S.G. § 4B1.2(c).  "The provisions of § 4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under § 4B1.1."  U.S.S.G. § 4B1.2 comment. (n.3).  Under § 4A1.2, when prior offenses were not separated by an intervening arrest, multiple sentences imposed on the same day are counted as a single sentence, using "the longest sentence of imprisonment if concurrent sentences were imposed."  § 4A1.2(a)(2).

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

In King, we concluded that "not every offense within a group of related prior sentences necessarily receives criminal history points," 595 F.3d at 848, 850. The offense that received the longest prison sentence is "assigned" the group's criminal history point under § 4A1.2(a)(2), and *only* that offense may be considered a predicate felony conviction offense for purposes of the career offender enhancement in § 4B1.1(a)(1). Id. at 852. In King, one group of the defendant's prior offenses included predicate and non-predicate offenses that each received a suspended four-year sentence, making it "uncertain" whether the predicate conviction for resisting arrest received the criminal history point. Because of this uncertainty, we applied the rule of lenity, giving King "the benefit of the reading which results in a shorter sentence." Id. We further concluded that appellate counsel was constitutionally ineffective for failing to challenge an unenforceable appeal waiver that precluded consideration of King's *pro se* appeal of the career offender determination. Id. at 853-54.

Donnell's PSR noted that he pleaded guilty to resisting arrest and to careless and imprudent driving on the same day and received the same concurrent suspended sentence for each charge. The PSR assigned a single criminal history point to this 2005 sentence under § 4A1.1(c). On appeal, Donnell argues that he is entitled to § 2255 relief. Applying King, he argues, the 2005 conviction for resisting arrest may not be counted as a career offender predicate offense because it was grouped with, and received the same sentence as, the non-predicate careless and imprudent driving offense and therefore did not receive a criminal history point under § 4A1.2(a)(2). Donnell argues he is entitled to § 2255 relief because of appellate counsel's ineffective assistance in failing to raise this issue after King was decided.[2]

---

[2]Sentencing errors are generally not cognizable in § 2255 proceedings. See Sun Bear v. United States, 644 F.3d 700, 704-05 (8th Cir. 2011) (en banc). Thus, to obtain § 2255 post-conviction relief, Donnell must establish that appellate counsel was constitutionally deficient in not raising this career offender issue.

## II. The Merits of the Career Offender Issue

Until June of this year, our research revealed that, though the Guidelines have been in effect more than twenty-five years, no other circuit had considered whether a predicate offense may be "counted" for career offender purposes only if it received the longest sentence in a group of offenses that received concurrent sentences and are counted as a single sentence under § 4A1.2(a)(2), as we held in <u>King</u>. That changed when a unanimous panel of the Sixth Circuit considered and firmly rejected <u>King</u>'s interpretation of § 4A1.2(a)(2) and application of the rule of lenity. <u>United States v. Williams</u>, 753 F.3d 626, 637-39 (6th Cir. 2014). We agree with the Sixth Circuit's analysis of the interplay between the criminal history provisions of § 4A1.2(a)(2) as incorporated by § 4B1.2.

<u>First</u>, the obvious purpose of § 4B1.2's requirement that at least two predicate felony sentences must be "counted separately under the provisions of § 4A1.2(a), (b), or (c)" is to prevent a defendant from being sentenced as a career offender based on two predicate felonies that were grouped into a single sentence. As the Sentencing Commission explained in a recent amendment, "if a defendant's criminal history contains two robbery convictions for which the defendant received concurrent five-year sentences of imprisonment and the sentences are considered a single sentence . . . a total of 3 points would be added under § 4A1.1(a). An additional point would be added under § 4A1.1(f) [now (e)]," but they would not be "counted separately" for career offender purposes. III U.S.S.G. App. C, Amendment 709, at 239 (2011); <u>see</u> <u>United States v. Charles</u>, 209 F.3d 1088, 1090-91 (8th Cir. 2000).

<u>Second</u>, the obvious purpose of the requirement in the second paragraph of § 4A1.2(a)(2) -- "use the longest sentence if concurrent sentences were imposed" in applying § 4A1.1(a), (b), or (c) when multiple sentences are counted as a single sentence -- is to ensure that the single sentence receives the criminal history points that the most serious concurrent offense warrants. All § 4A1.2(a)(2) addresses is the

-4-

number of points assigned to the grouped sentence.  It does not say that only one sentence in the group receives the point(s).  When read in conjunction with § 4B1.2, the most logical interpretation is that every sentence in the group has been "counted," with the caveat that the group sentence will be counted only once if it contains more than one career offender predicate.[3]  The contrary interpretation in <u>King</u> -- that a career offender predicate that was sentenced concurrently with non-predicate offenses is not counted *at all* -- "is counterintuitive because it is based on the premise that a defendant should receive a *lower* sentence because he has *more* prior convictions." <u>Pierce</u>, 686 F.3d at 534.  Indeed, the Sixth Circuit concluded, this is a "ridiculous result" that "cannot be squared with Congress's admonition that the Guidelines should 'specify a term of imprisonment at or near the maximum term authorized for' career offenders.  28 U.S.C. § 994(h)."  <u>Williams</u>, 753 F.3d at 639.

<u>Third</u>, <u>King</u>'s conclusion that the rule of lenity must be applied when "there are two plausible readings of a guidelines provision," 595 F.3d at 851, was contrary to

---

[3]Though it involved predicate offenses that were sentenced consecutively, rather than concurrently, the Fourth Circuit's unpublished opinion in <u>United States v. Slade</u>, 346 F. App'x 948, 950 (4th Cir. 2009), <u>cert. denied</u>, 559 U.S. 957 (2010), supports this conclusion:

> That sentence . . . required the district court to assess two criminal history points for the single sentence under USSG § 4A1.1(b). *The prior single sentence received two criminal history points*, was counted under the guidelines, *and involved a controlled substance offense, thereby qualifying as the second predicate offense* needed to classify Slade as a career offender.  (Emphasis added.)

We distinguished <u>Slade</u> in <u>King</u>, 595 F.3d at 851 n.4.  Thus, the recent decision in <u>United States v. Parker</u>, No. 13-1592, 2014 WL 3892938 at *5 (8th Cir. Aug. 11, 2014), *created* a new conflict with the Fourth Circuit's decision in <u>Slade</u>, which the panel in <u>Parker</u> did not even cite.  We agree with the panel in <u>Parker</u> that it was bound to follow the reasoning of our prior opinion in <u>King</u>.  But we disagree with <u>Parker</u>'s rule of lenity analysis which, like <u>King</u>, ignored controlling Supreme Court authority.

controlling Supreme Court authority. "The rule of lenity applies only if, after seizing everything from which aid can be derived, we can make no more than a guess as to what Congress intended. To invoke the rule, we must conclude that there is a grievous ambiguity or uncertainty in the statute." Muscarello v. United States, 524 U.S. 125, 138-39 (1998) (citations and quotations omitted); see Abramski v. United States, 134 S. Ct. 2259, 2272 n.10 (2014). The Court treats Guidelines provisions no differently than statutes. Here, there is no "grievous ambiguity or uncertainty." As we have explained, the obvious intent of these Guidelines provisions was to "count separately" each prior felony conviction for career offender purposes, which would include a predicate felony that was grouped with one or more non-predicate offenses in a single sentence. Thus, the rule of lenity does not exclude Donnell's 2005 felony conviction for resisting arrest.

### III. Ineffective Assistance of Appellate Counsel

As a panel, we are bound by this court's prior decision in King even though a majority of the panel believe it should now be overruled to eliminate a conflict with the Sixth Circuit. But as the district court recognized, King does not resolve this appeal. To warrant § 2255 relief, Donnell must establish that appellate counsel was constitutionally ineffective in failing to submit a citation to King for our consideration, or to request supplemental briefing, when we published our decision in King after Donnell's direct appeal had been argued and submitted for decision. To prove this claim, Donnell must show that "(1) his [appellate] attorney's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) he was prejudiced by the attorney's poor performance." Pierce, 686 F.3d at 531, citing Strickland v. Washington, 466 U.S. 668, 687 (1984).

In Pierce, we considered a § 2255 claim that trial counsel was ineffective for failing to argue that a suspended sentence for resisting arrest should not have been counted in imposing an enhancement under U.S.S.G. § 2K2.1, a provision analogous

-6-

to § 4B1.1 for these purposes. Pierce relied on King, published after he was sentenced, for the proposition that the resisting arrest conviction could not be counted because it was imposed the same day as a concurrent five-year suspended sentence for tampering, a non-predicate offense. We denied § 2255 relief, concluding that counsel was not constitutionally ineffective because counsel's failure to raise this "relatively sophisticated" and "counter-intuitive" argument "was no actionable Sixth Amendment violation," that is, an error "so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687." Pierce, 686 F.3d at 534.

Donnell argues that his claim of ineffective assistance is stronger because his appellate counsel had the benefit of the King decision two weeks before the direct appeal was decided. We are unpersuaded. We decline to rule that Strickland *requires* an appellate attorney to read advance sheets and consider newly-decided cases in the weeks or months after a direct appeal is fully briefed, argued, and submitted for decision. Cf. Hernandez v. Beto, 443 F.2d 634, 635 (5th Cir.), cert. denied, 404 U.S. 897 (1971).

The judgment of the district court is affirmed. Donnell's motion to supplement the record on appeal is denied. We decline to consider new arguments raised in his *pro se* reply brief.

BYE, Circuit Judge, dissenting in part and concurring in the judgment.

I concur in the Court's judgment affirming the district court's denial of Donnell's 28 U.S.C. § 2255 petition because we are bound by Pierce v. United States, 686 F.3d 529, 534 (8th Cir. 2012), and one panel cannot overrule another. I write separately because I disagree with Part II of the Court's opinion.

The majority, in dicta, criticizes <u>King v. United States</u>, 595 F.3d 844 (8th Cir. 2010), and concludes <u>King</u> incorrectly decided a guidelines interpretation question by improperly applying the rule of lenity. In reaching this conclusion, the majority was persuaded by <u>United States v. Williams</u>, 753 F.3d 626, 637-39 (6th Cir. 2014).

In <u>Williams</u>, the Sixth Circuit found <u>King</u>'s reading of the guidelines "nonsensical" and the application of <u>King</u>'s holding would lead to a "ridiculous result." 735 F.3d at 639. I do not disagree the guidelines at issue in this case lead to a counterintuitive result. As the Sixth Circuit noted, a defendant can "evade career offender status because he committed *more* crimes than the qualifying offense." <u>Id.</u> However, I note the role of this court is to apply the guidelines as written, not to rewrite the guidelines because we are intellectually unsatisfied with the results. <u>United States v. Parker</u>, __ F.3d __, __, No. 13-1592, 2014 WL 3892938, at *6 (8th Cir. Aug. 11, 2014) ("As appellate judges, we must follow the law, not make categorical sentencing policy decisions reserved for Congress and the Sentencing Commission.").

I do not find <u>Williams</u> persuasive. First, this court has already examined <u>Williams</u> and found it unpersuasive. In <u>Parker</u>, 2014 WL 3892938, we followed <u>King</u> in deciding a guidelines issue and noted we "cannot join the Sixth Circuit in brushing aside a real ambiguity in the career offender provision." __ F.3d at __, 2014 WL 3892938, at *6. Although we acknowledged the Sixth Circuit's reading of the guidelines was "plausible," we also noted the "critical ambiguity in the career offender enhancement's method of counting companion sentences" and applied the rule of lenity. <u>Id.</u> at *3, 6.

Second, <u>Williams</u> is not well-reasoned. The Sixth Circuit acknowledges § 4A1.2(a)(2) requires only the longest sentence of imprisonment be used to assess criminal history points, but rejects what the guidelines requires as "nonsensical" and reasons either conviction in an identical concurrent sentence can be used as a predicate

offense. We, however, have unequivocally held that "[t]o qualify as a 'prior felony' for career offender purposes, the felony must receive criminal history points under subsection (a), (b), or (c) of 4A1.1." United States v. Peters, 215 F.3d 861, 862 (8th Cir. 2000). We have also held not all offenses within a group of related prior sentences necessarily receive the points ascribed to the group under subsections (a), (b), or (c). King, 595 F.3d at 850. The Sixth Circuit, then, appears to disagree with the plain language of the guidelines and essentially ignores the necessary consequence of a literal reading of the guidelines–that some offenses which would otherwise be predicates for career offender status do not qualify if they have not received points under subsections (a), (b), or (c).

Third, Williams is inconsistent with several prior Eighth Circuit decisions. Williams directly conflicts with King as well as earlier Eighth Circuit precedent. In Peters, we stated if, when a qualifying and non-qualifying offense were listed together, the non-qualifying offense (receiving stolen goods) was the one that "counted" under § 4A.1.1(a), (b), or (c), the defendant "would not qualify as a career offender because receiving stolen property is not a crime of violence, and the burglaries did not receive criminal history points under section 4A1.1(a), (b), or (c) so they are not 'prior felonies' within the meaning of the guidelines." 215 F.3d at 863. In United States v. Ruhaak, 49 F. App'x 656, 657 (8th Cir. 2002), we applied the rule of lenity to a similar situation where it was unclear whether the defendant received criminal history points for a qualifying offense and said the defendant gets "the benefit of the reading that results in the shorter sentence."

Finally, I note my continued belief the rule of lenity should apply where it is uncertain which of multiple prior convictions receives criminal history points. See King, 595 F.3d at 852; Parker, ___ F.3d at ___, 2014 WL 3892938, at *6. The majority believes the "intent" of the guidelines provisions is clear, but I note the language of §§ 4B1.2(c) and 4A1.2(a)(2) presumes some felonies will not receive points under (a), (b), or (c) of § 4A1.1, and thus will not count toward career offender status.

Therefore, if anything is clear from the guidelines, it is that not all felonies count toward career offender status and a potential career offender predicate can in fact be subsumed within a group of convictions which includes a nonpredicate offense which earned the designated criminal history points.

For these reasons, I find the majority's position unpersuasive and continue to believe <u>King</u> properly interpreted the guidelines and was in line with Eighth Circuit precedent. Thus, I dissent from Part II of the Court's opinion.

_____