LOKEN, Circuit Judge.
A jury convicted Raphael L. Donnell of violating 21 U.S.C. §§ 841 and 846 by conspiring to distribute ecstacy. We affirmed his conviction and 240-month sentence on direct appeal. United States v. Donnell, 596 F.3d 913, 919-21, 925-26 & n. 5 (8th Cir.2010), cert. denied, — U.S.—, 131 S.Ct. 994, 178 L.Ed.2d 831 (2011). Donnell then moved to vacate his sentence under 28 U.S.C. § 2255 arguing, inter alia, that the ineffective assistance of his appellate counsel resulted in our affirming an improper career-offender sentencing determination. See U.S.S.G. § 4Bl.l(a). The district court[1] denied § 2255 relief. We granted a certificate of appealability on this issue. Reviewing de novo, Pierce v. United States, 686 F.3d 529, 531 (8th Cir.2012), we affirm.
I. The Issue on Appeal
The Guidelines’ career offender provisions increase a defendant’s base offense level if he is convicted of a crime of violence or a controlled substance offense and “has at least two prior felony convictions of either a crime of violence or a controlled substance offense.” U.S.S.G. § 4Bl.l(a)(3). Donnell’s Presentence Investigation Report (“PSR”) identified two state convictions as predicates for the career offender enhancement: a 1992 conviction for robbery in the first degree and a 2005 felony conviction for resisting arrest. Only the resisting arrest conviction is here at issue. Donnell concedes that resisting arrest was a qualifying crime of violence but argues that it was improperly counted, applying King v. United States, 595 F.3d 844 (8th Cir.2010), a decision published after argument and submission of Donnell’s direct appeal but before we filed our opinion affirming his conviction and sentence.
The term “two prior felony convictions” in § 4Bl.l(a)(l) means two qualifying felony convictions that “are counted separately under the provisions of § 4Al.l(a), (b), or (e).” U.S.S.G. § 4B1.2(c). “The provisions of § 4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under § 4B1.1.” U.S.S.G. § 4B1.2 comment. (n.3). Under § 4A1.2, when prior offenses were not separated by an intervening arrest, multiple sentences imposed on the same day are counted as a single sentence, using “the longest sentence of imprisonment if concurrent sentences were imposed.” § 4A1.2(a)(2).
In King, we concluded that “not every offense within a group of related prior sentences necessarily receives criminal history points,” 595 F.3d at 848, 850. The offense that received the longest prison sentence is “assigned” the group’s criminal history point under § 4A1.2(a)(2), and only that offense may be considered a predicate felony conviction offense for purposes of the career offender enhancement in § 4Bl.l(a)(l). Id. at 852. In King, one group of the defendant’s prior offenses included predicate and non-predicate offenses that each received a suspended *819 four-year sentence, making it “uncertain” whether the predicate conviction for resisting arrest received the criminal history point. Because of this uncertainty, we applied the rule of lenity, giving King “the benefit of the reading which results in a shorter sentence.” Id. We further concluded that appellate counsel was constitutionally ineffective for failing to. challenge an unenforceable appeal waiver that precluded consideration of King’s pro se appeal of the career offender determination. Id. at 853-54.
Donnell’s PSR noted that he pleaded guilty to resisting arrest and to careless and imprudent driving on the same day and received the same concurrent suspended sentence for each charge. The PSR assigned a single criminal history point to this 2005 sentence under § 4Al.l(c). On appeal, Donnell argues that he is entitled to § 2255 relief. Applying King, he argues, the 2005 conviction for resisting arrest may not be counted as a career offender predicate offense because it was grouped with, and received the same sentence as, the non-predicate careless and imprudent driving offense and therefore did not receive a criminal history point under § 4A1.2(a)(2). Donnell argues he is entitled to § 2255 relief because of appellate counsel’s ineffective assistance in failing to raise this issue after King was decided.[2]
II. The Merits of the Career Offender Issue
Until June of this year, our research revealed that, though the Guidelines have been in effect more than twenty-five years, no other circuit had considered whether a predicate offense may be “counted” for career offender purposes only if it received the longest sentence in a group of offenses that received concurrent sentences and are counted as a single sentence under § 4A1.2(a)(2), as we held in King. That changed when a unanimous panel of the Sixth Circuit considered and firmly rejected King’s interpretation of § 4A1.2(a)(2) and application of the rule of lenity. United States v. Williams, 753 F.3d 626, 637-39 (6th Cir.2014). We agree with the Sixth Circuit’s analysis of the interplay between the criminal history provisions of § 4A1.2(a)(2) as incorporated by § 4B1.2.
First, the obvious purpose of § 4B1.2’s requirement that at least two predicate felony sentences must be “counted separately under the provisions of § 4A1.2(a), (b), or (c)” is to prevent a defendant from being sentenced as a career offender based on two predicate felonies that were grouped into a single sentence. As the Sentencing Commission explained in a recent amendment, “if a defendant’s criminal history contains two robbery convictions for which the defendant received concurrent five-year sentences of imprisonment and the sentences are considered a single sentence ... a total of 3 points would be added under § 4Al.l(a). An additional point would be added under § 4Al.l(f) [now (e) ],” but they would not be “counted separately” for career offender purposes. Ill U.S.S.G.App. C, Amendment 709, at 239 (2011); see United States v. Charles, 209 F.3d 1088, 1090-91 (8th Cir.2000).
Second, the obvious purpose of the requirement in the second paragraph of § 4A1.2(a)(2) — “use the longest sentence if concurrent sentences were imposed” in applying § 4Al.l(a), (b), or (c) when multiple sentences are counted as a single sen *820 tence — is to ensure that the single sentence receives the criminal history points that the most serious concurrent offense warrants. All § 4A1.2(a)(2) addresses is the number of points assigned to the grouped sentence. It does not say that only one sentence in the group receives the point(s). When read in conjunction with § 4B1.2, the most logical interpretation is that every sentence in the group has been “counted,” with the caveat that the group sentence will be counted only once if it contains more than one career offender predicate.[3] The contrary interpretation in King — that a career offender predicate that was sentenced concurrently with non-predicate offenses is not counted at all — “is counterintuitive because it is based on the premise that a defendant should receive a lower sentence because he has more prior convictions.” Pierce, 686 F.3d at 534. Indeed, the Sixth Circuit concluded, this is a “ridiculous result” that “cannot be squared with Congress’s admonition that the Guidelines should ‘specify a term of imprisonment at or near the maximum term authorized for’ career offenders. 28 U.S.C. § 994(h).” Williams, 753 F.3d at 639.
Third, King's conclusion that the rule of lenity must be applied when “there are two plausible readings of a guidelines provision,” 595 F.3d at 851, was contrary to controlling Supreme Court authority. “The rule of lenity applies only if, after seizing everything from which aid can be derived, we can make no more than a guess as to what Congress intended. To invoke the rule, we must conclude that there is a grievous ambiguity or uncertainty in the statute.” Muscarello v. United States, 524 U.S. 125, 138-39, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998) (citations and quotations omitted); see Abramski v. United States, — U.S. —, 134 S.Ct. 2259, 2272 n. 10, 189 L.Ed.2d 262 (2014). The Court treats Guidelines provisions no differently than statutes. Here, there is no “grievous ambiguity or uncertainty.” As we have explained, the obvious intent of these Guidelines provisions was to “count separately” each prior felony conviction for career offender purposes, which would include a predicate felony that was grouped with one or more non-predicate offenses in a single sentence. Thus, the rule of lenity does not exclude Donnell’s 2005 felony conviction for resisting arrest.
III. Ineffective Assistance of Appellate Counsel
As a panel, we are bound by this court’s prior decision in King even though a majority of the panel believe it should now be overruled to eliminate a conflict with the Sixth Circuit. But as the district court recognized, King does not resolve *821 this appeal. To warrant § 2255 relief, Donnell must establish that appellate counsel was constitutionally ineffective in failing to submit a citation to King for our consideration, or to request supplemental briefing, when we published our decision in King after Donnell’s direct appeal had been argued and submitted for decision. To prove this claim, Donnell must show that “(1) his [appellate] attorney’s performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) he was prejudiced by the attorney’s poor performance.” Pierce, 686 F.3d at 531, citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
In Pierce, we considered a § 2255 claim that trial counsel was ineffective for failing to argue that a suspended sentence for resisting arrest should not have been counted in imposing an enhancement under U.S.S.G. § 2K2.1, a provision analogous to § 4B1.1 for these purposes. Pierce relied on King, published after he was sentenced, for the proposition that the resisting arrest conviction could not be counted because it was imposed the same day as a concurrent five-year suspended sentence for tampering, a non-predicate offense. We denied § 2255 relief, concluding that counsel was not constitutionally ineffective because counsel’s failure to raise this “relatively sophisticated” and “counter-intuitive” argument “was no actionable Sixth Amendment violation,” that is, an error “so serious that counsel was not functioning as the ‘counsel’ guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687, 104 S.Ct. 2052.” Pierce, 686 F.3d at 534.
Donnell argues that his claim of ineffective assistance is stronger because his appellate counsel had the benefit of the King decision two weeks before the direct appeal was decided. We are unpersuaded. We decline to rule that Strickland requires an appellate attorney to read advance sheets and consider newly-decided cases in the weeks or months after a direct appeal is fully briefed, argued, and submitted for decision. Cf. Hernandez v. Beto, 443 F.2d 634, 635 (5th Cir.), cert. denied, 404 U.S. 897, 92 S.Ct. 201, 30 L.Ed.2d 174 (1971).
The judgment of the district court is affirmed. Donnell’s motion to supplement the record on appeal is denied. We decline to consider new arguments raised in his pro se reply brief.

. The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

. Sentencing errors are generally not cognizable in § 2255 proceedings. See Sun Bear v. United States, 644 F.3d 700, 704-05 (8th Cir.2011) (en banc). Thus, to obtain § 2255 post-conviction relief, Donnell must establish that appellate counsel was constitutionally deficient in not raising this career offender issue.

. Though it involved predicate offenses that were sentenced consecutively, rather than concurrently, the Fourth Circuit’s unpublished opinion in United States v. Slade, 346 Fed.Appx. 948, 950 (4th Cir.2009), cert. denied, 559 U.S. 957, 130 S.Ct. 1554, 176 L.Ed.2d 143 (2010), supports this conclusion:
That sentence ... required the district court to assess two criminal history points for the single sentence under USSG § 4A 1.1(b). The prior single sentence received two criminal history points, was counted under the guidelines, and involved a controlled substance offense, thereby qualifying as the second predicate offense needed to classify Slade as a career offender. (Emphasis added.)
We distinguished Slade in King, 595 F.3d at 851 n. 4. Thus, the recent decision in United States v. Parker, No. 13-1592, 2014 WL 3892938 at *5 (8th Cir. Aug. 11, 2014), created a new conflict with the Fourth Circuit's decision in Slade, which the panel in Parker did not even cite. We agree with the panel in Parker that it was bound to follow the reasoning of our prior opinion in King. But we disagree with Parker's rule of lenity analysis which, like King, ignored controlling Supreme Court authority.