# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-2754

_____

United States of America

*Plaintiff - Appellee*

v.

Lester E. Brown

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 12, 2016
Filed: August 17, 2016
[Unpublished]

_____

Before LOKEN, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

Lester Eugene Lee Brown pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He appeals the district court's application of U.S.S.G. § 2K2.1(a)(4)(A), claiming his prior Missouri conviction for resisting arrest, in violation of RSMo § 575.150.5, is not a crime of violence because the (then) residual clause in § 4B1.2(a)(2) was unconstitutionally

vague. Having jurisdiction under 28 U.S.C. § 1291, this court vacates the sentence and remands.

By Guideline 2K2.1(a)(4)(A), the base level for a felon-in-possession offense is 20 if the defendant previously sustained "one felony conviction for either a crime of violence or a controlled substance offense." The district court found that Brown's prior Missouri conviction under § 575.150.5—resisting arrest by fleeing in a manner creating a substantial risk of serious physical injury or death—is a crime of violence. Brown invokes *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), which invalidated the identically worded residual clause in 18 U.S.C. § 924(e)(2)(B)(ii). He reasons that his conviction under RSMo § 575.150.5 cannot be a crime of violence under § 2K2.1 (a)(4)(A).

This court has "joined those circuits that remand sentencing appeals raising this issue, leaving 'for the district court on remand the question of whether the residual clause of the career offender guideline is unconstitutional.'" *United States v. Fields*, 2016 WL 4191179, at *3 (8th Cir. Aug. 9, 2016), *quoting United States v. Taylor*, 803 F.3d 931, 933 (8th Cir. 2015). This court expresses "no view as to whether a violation of § 575.150.5 is a crime of violence under the force clause." *Id.* at *4. If the government "adheres to its position in the district court," that a § 575.150.5 conviction is not a violent felony under the "force clause" of § 4B1.2(a)(1), "we assume it will nonetheless assist in gathering whatever state court records are available so the district court can make a proper determination under the categorical or modified categorical approach, whichever the court concludes is more appropriate." *Id.*

Brown's second argument—that he should not receive criminal-history points for the resisting-arrest conviction because it was charged and sentenced with one count of first degree tampering (for which he received the same concurrent sentence)—is "ridiculous." *See Donnell v. United States*, 765 F.3d 817, 820 (8th Cir.

2014) ("All § 4A1.2(a)(2) addresses is the number of points assigned to the grouped sentence. It does not say that only one sentence in the group receives the point(s). When read in conjunction with § 4B1.2, the most logical interpretation is that every sentence in the group has been 'counted,' with the caveat that the group sentence will be counted only once if it contains more than one career offender predicate.").

The sentence is vacated and the case remanded for additional sentencing proceedings.

_____