*813 BENTON, Circuit Judge,
concurring.
I concur in the court’s opinion in all respects but one: § 4Al.l(e) has no relevance in this case.
The court states, “Subsection (e) expressly recognizes that an aggregated crime of violence may not ‘receive any points under (a), (b), or (c).’ ” This is true, but subsection (e) is not relevant to Parker, whose sentence for a qualifying (violent) crime is aggregated with a sentence for a non-qualifying (non-violent) crime. As the Application Notes say, § 4Al.l(e) applies where “the defendant received two or more prior sentences as a result of convictions for crimes of violence that are counted as a single sentence.” U.S.S.G. § 4A1.1 cmt. n. 5 (emphasis added). Section 4Al.l(e) applies only if the single sentence involves two or more qualifying crimes, not where a single qualifying crime is aggregated with non-qualifying crimes. U.S.S.G. app. C, amendment 709 (“Instances may arise in which a single sentence comprises multiple prior sentences for crimes of violence. In such a case, § 4Al.l(f) will apply.”).
I realize the court is relying on dicta in King. King, 595 F.3d at 850 (Subsection (e) “supports the proposition that a potential career offender predicate can be subsumed within a group of convictions which includes a nonpredicate offense that received a longer sentence and therefore earned the designated criminal history point.”). This dicta does not apply in a case like Parker’s. The King sentences were ordered to run concurrently, not consecutively, and are analyzed under a different guidelines provision than Parker’s. King, 595 F.3d at 849-50. The King decision itself recognizes this, calling a consecutive sentences case in the Fourth Circuit “inapposite.” King, 595 F.3d at 851 n. 4, discussing United States v. Slade, 346 Fed.Appx. 948 (4th Cir.2009) (unpublished per curiam).
Relying on subsection (e), the court concludes that Parker’s single sentence could plausibly not receive any points under subsections (a), (b), or (c). This conclusion is correct, not for the reason the court gives, but rather because the Guidelines do not define an “aggregate sentence.”
The Guidelines generally use the word “aggregate” when referring to a quantitative total. E.g., Notes to § 2D1.11 (“aggregate the quantities of all such chemicals”); Notes to § 2T1.1 (“the aggregate tax loss from the offenses added together”); Commentary to § 8C3.1 (“an aggregate maximum authorized fíne of $1,500,000”). Here, the sentences to be aggregated have a quantitative aspect (their lengths), and a qualitative aspect (whether the conviction is for violent crime). Aggregation of quantitative lengths is simple addition. Aggregation of the qualitative aspects of violent and nonviolent crimes is unclear. A court could classify the aggregate sentence as from a crime of violence if either component sentence is for a crime of violence (consistent with the government’s view). Or, a court could classify the aggregate sentence as for a crime of violence if the longer component sentence is from a crime of violence (consistent with Parker’s view).
Due to the rule of lenity, the court is required to adopt Parker’s view that he did not receive points under subsections (a), (b), or (c) — without considering subsection (e).
I therefore concur.