# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 99-1440/99-1441

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant/Cross-Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Gregory Allen Peters, | * | |
| | * | |
| Appellee/Cross-Appellant. | * | |

_____

Submitted: February 15, 2000

Filed: June 21, 2000

_____

Before BEAM and  JOHN R. GIBSON, Circuit Judges, and PRATT,[1] District Judge.

_____

BEAM, Circuit Judge.

Gregory Allen Peters was convicted of bank robbery in violation of 18 U.S.C. § 2113(a), and sentenced to seventy-two months with three years of supervised release. Both the United States and Peters appeal the sentence. We reverse and remand.

On May 7, 1998, Peters robbed the Twin Cities Federal Bank located within Cub Foods in Blaine, Minnesota, taking approximately $1700.  Peters was arrested the next

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

day and confessed to the robbery, stating that he did it to help a friend who needed money. Following a jury trial, Peters was convicted.

At sentencing, the district court determined that the base offense level for a violation of 18 U.S.C. § 2113(a) is twenty. The district court added two levels because the property of a financial institution was taken. The district court declined to adjust the level for acceptance of responsibility or for career offender status making the total offense level twenty-two. The district court also determined that Peters had eighteen criminal history points which made his criminal history category VI. Thus, Peters's imprisonment range was eighty-four to 105 months. The district court sentenced Peters to seventy-two months, giving him a two-level departure under United States Sentencing Guidelines § 5K2.0, based on Peters's mental and physical health.

The United States appeals contending that the district court should have enhanced Peters's sentence because he is a career offender under the guidelines. The United States also asserts that the district court abused its discretion in granting the departure on the basis of Peters's health. Finally, Peters appeals the district court's decision to deny his reduction for acceptance of responsibility.

The United States contends that Peters is a career offender under the Sentencing Guidelines. To be a career offender under section 4B1.1 three requirements must be met: (1) the defendant must be at least eighteen at the time the instant offense was committed; (2) the instant offense must be a crime of violence or a controlled substance offense; and (3) the defendant must have at least two prior felony convictions for crimes of violence or controlled substance offenses. Peters was forty-four when he committed the robbery and bank robbery is a crime of violence under the guidelines. See U.S.S.G. § 4B1.2. Peters, however, disputes the third prong.

Peters has three prior Minnesota felony convictions that could qualify him as a career offender, namely: third-degree assault; first-degree burglary; and conspiracy to

sell a simulated controlled substance. Neither party disputes that the assault conviction counts as one of the two needed for career offender purposes. Additionally, the district court determined conspiracy to sell a simulated controlled substance, in this case baking soda, did not qualify as a controlled substance offense under the guidelines and the government does not appeal this determination. This leaves only the burglary offense as a possible second felony for career offender purposes.

Although we have held that burglary is a crime of violence under section 4B1.2(a), that does not end our inquiry. See United States v. Reynolds, 116 F.3d 328, 329-30 (8th Cir. 1997). To qualify as a "prior felony" for career offender purposes, the felony must receive criminal history points under subsection (a), (b), or (c) of 4A1.1. See U.S.S.G. § 4B1.2(c). It is not clear in this case whether Peters's conviction for burglary would receive criminal history points under any of these sections.

In 1988, Peters was initially charged with receiving and concealing stolen property. Later, it was determined Peters had also committed burglary and he was so charged in three counts. On May 4, 1989, Peters was sentenced to concurrent terms on all the counts. Because these counts were consolidated for sentencing purposes, they are deemed related cases under the sentencing guidelines and "are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c)." U.S.S.G. § 4A1.2 and App. Note. 3. If relating the cases in this manner results in an under representation of the seriousness of the defendant's crime then additional criminal history points can be given under section 4A1.1(f). See U.S.S.G. § 4A1.2 App. Note 3.

Peters asserts that probation offices and district courts should be required to list the offenses within a group of related cases in the order that they were charged for the purpose of assigning criminal history points. If we did that with Peters's 1989 convictions, the charge for receiving stolen property would be listed first and would receive three criminal history points under section 4A1.1(a). The district court could then assign the burglary charges each one point under 4A1.1(f). If we chose to follow

Peters's recommendation, Peters would not qualify as a career offender because receiving stolen property is not a crime of violence, and the burglaries did not receive criminal history points under section 4A1.1(a), (b), or (c) so they are not "prior felonies" within the meaning of the guidelines.

Peters made this argument to the district court and asserted the baking soda sale was not a controlled substance offense. When the district court addressed career offender status it decided the controlled substance issue, but it made no finding on the burglary charges even though they were listed first in the presentence report. Therefore, we believe the district court may have overlooked these offenses. Additionally, neither the sentencing guidelines nor the case law directly addresses the issue of how crimes should be listed in either the presentence report or by the district court.

In a situation such as this, the district court should be given the first opportunity to use its discretion in applying the sentencing guidelines to the facts of the case. The district courts have an institutional advantage over the appellate courts in these situations because they see many more guidelines cases than the appeals courts and therefore have a better vantage point from which to determine the norm. See Koon v. United States, 518 U.S. 81, 98-99 (1996). Accordingly, we remand this case to the district court for resentencing.[2]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]We do not address either the acceptance of responsibility or the downward departure in light of the remand for resentencing.