**UNITED STATES of America Plaintiff**

v.

**Charles CLARK Defendant**

**No. CRIM.A.3:02–CR–37–H.**

United States District Court,
W.D. Kentucky,
at Louisville.

Oct. 18, 2002.

Alexander T. Taft, Jr., United States Attorney's Office, Louisville, KY, for Plaintiffs' Counsel.

Alan S. Rubin, Louisville, KY, for Defendants' Counsel.

## MEMORANDUM ON SENTENCING

HEYBURN, Chief Judge.

Defendant Charles Clark pleaded guilty to the two-count indictment that charged him with Attempting to Manufacture a Schedule I Controlled Substance in violation of 21 U.S.C. § 846 and Possession with Intent to Distribute a Schedule II Controlled Substance in violation of 21 U.S.C. § 841(a)(1). At sentencing he cited *United States v. Peters,* 215 F.3d 861 (8th Cir.2000), for the proposition that the ordering of charges on the indictment should affect Defendant's classification as a career criminal. Based upon the following analysis, the Court disagreed with the Eighth

Circuit and concluded that the ordering was irrelevant in this context and that the career criminal guidelines were applicable.

The United States contends that Defendant is a career offender under the Sentencing Guidelines. A defendant is a career offender under U.S.S.G. § 4B1.1 if:

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction,

(2) the instant offense of conviction is a felony that is either a crime of violent of a controlled substance offense,

(3) and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Defendant disputes the United States' conclusion in the Pre Sentencing Report ("PSR") that he has "two prior felony convictions" constituting a crime of violence as defined in U.S.S.G. § 4B1.2 and therefore contends his case does not meet the requirements of the third prong.

Defendant has two prior felony convictions which qualify as crimes of violence and arguably trigger Defendant's classification as a career criminal. First, in 1989 Defendant plead guilty to wanton endangerment, a first degree felony. Second, Defendant plead guilty in 1999 to four additional counts of wanton endangerment.

Neither party disputes that these are crimes of violence. Rather, Defendant contends that his 1989 guilty plea, despite constituting an admitted crime of violence resulting in a felony conviction, does not qualify as one of the "two felony convictions" as defined in U.S.S.G. § 4B1.2.

Section 4B1.2(c) defines the term "two felony convictions" and requires that the "sentences for at least two of the aforementioned felony convictions [were] counted separately under the provisions of U.S.S.G. § 4A1.1(a), (b), or (c)."[1] Defendant is correct in pointing out that, as a strictly technical matter, his 1989 wanton endangerment conviction—one of the two convictions needed to trigger career criminal status—did not receive points during the career criminal calculations under U.S.S.G. § 4A1.1(a), (b), or (c). Instead that conviction received points under U.S.S.G. § 4A1.1(f).[2] As a result, Defendant contends that, because the wanton endangerment conviction did not receive points under the provisions of U.S.S.G. § 4A1.1(a), (b), or (c), it cannot qualify as one of the "two felony convictions" required by U.S.S.G. § 4B1.1(c)(3).

The Court declines to adopt such a hyper-technical reading of the definition of "prior felony convictions." In this case,

---

**1.** In its entirety, U.S.S.G. § 4B1.2(c) states:

The term "two prior felony convictions" means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense ... and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c). The date that a defendant sustained a conviction shall be the date that the guilty of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere.

**2.** U.S.S.G. § 4A1.1(f) states:

Add 1 point for each proper sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) ... because such sentence was considered related to another sentence resulting from a conviction of a crime of violence, up to a total of 3 points for this item. Provided, that this item does not apply where the sentences are considered related because the offenses occurred on the same occasion.

This section thus provides the district court with the discretion to add criminal history points if relating the cases as "one sentence" results in an under representation of the seriousness of the defendant's crime. *See* U.S.S.G. § 4A1.2 App. Note 3.

the only reason the 1989 wanton endangerment conviction received points under U.S.S.G. § 4A1.1(f) and not under U.S.S.G. § 4A1.1(a), (b), or (c) is because it appeared fifth on that particular indictment. In addition to pleading guilty to wanton endangerment at that time, Defendant also plead guilty to the first two counts listed on the indictment: receiving stolen property over $100 and possession of a handgun by a convicted felon. On January 24, 1989, Defendant was sentenced to concurrent terms on all three counts. Because these counts were consolidated for sentencing purposes, under U.S.S.G. § 4A1.2, they were deemed "related cases" under the sentencing guidelines and, consequently, were "to be treated as one sentence for purposes of assessing points under U.S.S.G. § 4A1.1(a), (b), and (c)." U.S.S.G. § 4A1.2 and App. Note 3.

Consequently, when criminal history points were assigned in this case, consistent with U.S.S.G. § 4A1.1(a), Defendant received the maximum three points permissible for this "one sentence."[3] Those three points under U.S.S.G. § 4A1.1(a), though they were for three concurrent three-year terms, were technically attributed to his guilty plea to the receiving stolen property charge, but only because that was the first count listed on the indictment. As proof of this, Defendant points to the fact that the two remaining charges in the indictment—including the wanton endangerment charge—could only receive criminal history points under the enhancement provision in U.S.S.G. § 4A1.1(f), and therefore were not "prior felony convictions" within the guidelines' definition of that term

Defendant's attempt to exclude the wanton endangerment conviction from the definition of a "prior felony conviction [of] a

crime of violence" in this way takes a literal reading of the text to absurd lengths. The purpose underlying the rule that the defendant can only receive one point for the wanton endangerment charge in this case is to prevent the Government from adding three points for every charge arising from the same event. It is that rule, coupled with the arbitrary decision by the district attorney to list the receiving stolen property charge first, which prevents the Government from adding three points for the wanton endangerment conviction. The purpose of that rule, while eminently sensible in its proper context, bears no relation to whether Defendant committed a violent act and whether his conviction should count toward making him a career criminal.

This Court's reasoning does conflict with the holding in *United States v. Peters*, where the Eighth Circuit remanded an identical case back to the district court for re-sentencing. 215 F.3d 861. The Eighth Circuit concluded it would be reasonable for the district court to find that the ordering of crimes on the indictment could affect whether the Defendant had two felony convictions and thus whether he was properly classified as a career criminal could turn on the ordering of charges on the indictment. *Id* at 863. On remand, in an unpublished opinion, the Minnesota District Court reached a holding opposite from the one this Court now states, finding that the order in which related offenses appeared in the PSR had relevance in evaluating career criminal status. *United States v. Peters*, No. 98–154, slip. op. at 4 (D.Minn. Oct. 2, 2000). The Court respectfully disagrees with these decisions. Though Defendant contends the purpose of the federal sentencing guidelines was to insure a standard of continuity, the Court

---

**3.** Under U.S.S.G. § 4A1.1(a), the Defendant receives "3 points for each prior sentence of imprisonment exceeding one year and one month."

finds this argument particularly unpersuasive here. To follow his theory would make a career criminal determination turn on the very arbitrary and standardless decision of how charges happen to be listed on an indictment.

Based on this analysis, the Court concluded Clark's 1989 conviction for wanton endangerment properly counted as one of his two "crimes of violence" under U.S.S.G. § 4B1.1(c)(3), and that Clark should be classified as a career criminal. Therefore, the Court applied the career criminal guidelines and imposed a sentence accordingly.