BYE, Circuit Judge,
dissenting in part and concurring in the-judgment.
I concur in the Court’s judgment affirming the district court’s denial of Donnell’s 28 U.S.C. § 2255 petition because we are bound by Pierce v. United States, 686 F.3d 529, 534 (8th Cir.2012), and one panel cannot overrule another. I write separately because I disagree with Part II of the Court’s opinion.
The majority, in dicta, criticizes King v. United States, 595 F.3d 844 (8th Cir.2010), and concludes King incorrectly decided a guidelines interpretation question by improperly applying the rule of lenity. In reaching this conclusion, the majority was persuaded by United States v. Williams, 753 F.3d 626, 637-39 (6th Cir.2014).
In Williams, the Sixth Circuit found King’s reading of the guidelines “nonsensical” and the application of King’s holding would lead to a “ridiculous result.” 753 F.3d at 639. I do not disagree the guidelines at issue in this case lead to a counterintuitive result. As the Sixth Circuit noted, a defendant can “evade career offender status because he committed more crimes than the qualifying offense.” Id. However, I note the role of this court is to apply the guidelines as written, not to rewrite the guidelines because we are in *822 tellectually unsatisfied with the results. United States v. Parker, 762 F.3d 801, 809-10, No. 13-1592, 2014 WL 3892938, at *6 (8th Cir. Aug. 11, 2014) (“As appellate judges, we must follow the law, not make categorical sentencing policy decisions reserved for Congress and the Sentencing Commission.”).
I do not find Williams persuasive. First, this court has already examined Williams and found it unpersuasive. In Parker, 2014 WL 3892938, we followed King in deciding a guidelines issue and noted we “cannot join the Sixth Circuit in brushing aside a real ambiguity in the career offender provision.” 762 F.3d at 809, 2014 WL 3892938, at *6. Although we acknowledged the Sixth Circuit’s reading of the guidelines was “plausible,” we also noted the “critical ambiguity in the career offender enhancement’s method of counting companion sentences” and applied the rule of lenity. Id. at 806-07, 809-10, 2014 WL 3892938, at *3, 6.
Second, Williams is not well-reasoned. The Sixth Circuit acknowledges § 4A1.2(a)(2) requires only the longest sentence of imprisonment be used to assess criminal history points, but rejects what the guidelines requires as “nonsensical” and reasons either conviction in an identical concurrent sentence can be used as a predicate offense. We, however, have unequivocally held that “[t]o qualify as a ‘prior felony’ for career offender purposes, the felony must receive criminal history points under subsection (a), (b), or (c) of 4A1.1.” United States v. Peters, 215 F.3d 861, 862 (8th Cir.2000). We have also held not all offenses within a group of related prior sentences necessarily receive the points ascribed to the group under subsections (a), (b), or (c). King, 595 F.3d at 850. The Sixth Circuit, then, appears to disagree with the plain language of the guidelines and essentially ignores the necessary consequence of a literal reading of the guidelines — that some offenses which would otherwise be predicates for career offender status do not qualify if they have not received points under subsections (a), (b), or (c).
Third, Williams is inconsistent with several prior Eighth Circuit decisions. Williams directly conflicts with King as well as earlier Eighth Circuit precedent. In Peters, we stated if, when a qualifying and non-qualifying offense were listed together, the non-qualifying offense (receiving stolen goods) was the one that “counted” under § 4Al.l(a), (b), or (c), the defendant “would not qualify as a career offender because receiving stolen property is not a crime of violence, and the burglaries did not receive criminal history points under section 4Al.l(a), (b), or (c) so they are not ‘prior felonies’ within the meaning of the guidelines.” 215 F.3d at 863. In United States v. Ruhaak, 49 Fed.Appx. 656, 657 (8th Cir.2002), we applied the rule of lenity to a similar situation where it was unclear whether the defendant received criminal history points for a qualifying offense and said the defendant gets “the benefit of the reading that results in the shorter sentence.”
Finally, I note my continued belief the rule of lenity should apply where it is uncertain which of multiple prior convictions receives criminal history points. See King, 595 F.3d at 852; Parker, 762 F.3d at 809-10, 2014 WL 3892938, at *6. The majority believes the “intent” of the guidelines provisions is clear, but I note the language of §§ 4B1.2(c) and 4A1.2(a)(2) presumes some felonies will not receive points under (a), (b), or (c) of § 4A1.1, and thus will not count toward career offender status. Therefore, if anything is clear from the guidelines, it is that not all felonies count toward career offender status *823 and a potential career offender predicate can in fact be subsumed within a group of convictions which includes a nonpredicate offense which earned the designated criminal history points.
For these reasons, I find the majority’s position unpersuasive and continue to believe King properly interpreted the guidelines and was in line with Eighth Circuit precedent. Thus, I dissent from Part II of the Court’s opinion.