**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1281
_____

UNITED STATES OF AMERICA

v.

DAVEE WARD,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:18-CR-00148-001)
District Judge: Hon. Cathy Bissoon

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on September 16, 2024

Before: RESTREPO, PHIPPS, and McKEE, *Circuit Judges*

(Filed: February 25, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*

Appellant Davee Ward pled guilty to possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). He was sentenced as a career offender to 144 months in prison. Ward appeals his sentence, arguing that the District Court erred in sentencing him as a career offender. He claims the sentence was unreasonable because the District Court improperly applied the career offender enhancement when calculating the Sentencing Guidelines range for his sentence and, in the alternative, failed to consider his policy-based argument against the enhancement. Because the District Court did not err in applying the enhancement and the sentence was procedurally and substantively reasonable, we will affirm.

## I.   **Background**[1]

The U.S. Probation Office calculated Ward's advisory Guideline range using the 2018 Guidelines Manual. The Presentence Investigation Report ("PSR") identified Ward's 2010 state conviction and 2014 federal conviction for controlled substance offenses as predicates for a career offender enhancement.[2] The PSR provided that Ward qualified as a career

---

[1] Since we write primarily for parties already familiar with this case, we include only those facts necessary to reach our conclusion.

[2] In 2009, Ward was arrested for selling heroin and charged in state court with four counts: Count 1 and Count 2 for possession with intent to deliver a controlled substance ("PWID"), Count 3 for possession of a controlled substance and Count 4 for criminal conspiracy. Ward ultimately pled guilty to the charges and was sentenced in September 2010 to two and a half years of probation. That sentence was imposed at Count 1, while Counts 2 and 3 were merged for sentencing purposes and Count 4 received no further penalty imposed. In 2012, Ward was charged by a federal grand jury with intent to distribute and distribution of heroin. In 2013, he pleaded guilty, and in 2014, he was sentenced to 37 months' imprisonment. Out of prison and under supervision for the 2014

2

offender because (1) he was older than 18, (2) his offense of conviction was a controlled substance offense, and (3) he had at least two prior felony convictions for a controlled substance offense. *See* U.S.S.G. § 4B1.1(a).

The Probation Office assigned Ward a base offense level of 34 and a criminal history category of VI. After a 3-level reduction for acceptance of responsibility, his total offense level reached 31. Based on an offense level of 31, the Probation Office calculated a Guidelines range of 188 to 235 months. Without the career offender enhancement, the Guidelines range would have been 10 to 16 months. The District Court adopted the Probation Office's calculations but varied downward—sentencing Ward to 144 months in prison and six years of supervised release. At the sentencing hearing, the District Court explained its sentence independent of Ward's status as a career offender. On appeal, Ward challenges his sentence, arguing the District Court wrongly designated him a career offender and failed to consider his policy-based mitigation argument against application of the career offender enhancement to non-violent offenders like him.

## II.    **Discussion**[3]

### A. Ward Qualifies as a Career Offender Under the Guidelines.

Interpretation of the Guidelines is a legal question subject to plenary review. *United States v. Nasir*, 17 F.4th 459, 468 (3d Cir. 2021) (en banc). "Unless the guideline's text is

---

conviction, Ward was again arrested and charged with possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Ward pled guilty and received the sentence at issue here.

[3]    The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

ambiguous and the comment provides clarity, the text alone controls." *United States v. Chandler*, 104 F.4th 445, 450 (3d Cir. 2024). The Supreme Court has instructed that a court "must carefully consider the text, structure, history, and purpose of a regulation, in all the ways it would if it had no agency to fall back on." *Kisor v. Wilkie*, 588 U.S. 558, 575 (2019) (internal quotation marks omitted).

The United States Sentencing Guidelines (U.S.S.G.) provide for a "career offender" enhancement that increases an adult defendant's base offense level if "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense" and "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Ward admits he has two prior felony convictions for controlled substance offenses—a 2010 state conviction and a 2014 federal conviction. Yet he contends that his 2010 state conviction should not count as a predicate offense because it did not individually receive criminal history points under U.S.S.G. § 4A1.1(a)-(c). Ward is mistaken—the Guidelines do not require that a prior offense individually receive criminal history points to be treated as a predicate offense for the career offender enhancement.

Our analysis begins and ends with the text. The career offender enhancement applies when a defendant has "at least *two prior felony convictions* of either a crime of violence or a controlled substance offense." § 4B1.1(a) (emphasis added). Ward bases his argument on the definition provided for "Two Prior Felony Convictions" in U.S.S.G. § 4B1.2(c). That subsection defines "Two Prior Felony Convictions" as two qualifying felony

4

convictions that "are *counted separately* under the provisions of § 4A1.1(a), (b), or (c)." § 4B1.2(c) (emphasis added).

Relying on the "counted separately" phrase, Ward argues that his 2010 PWID conviction cannot be considered a qualifying predicate. Section 4A1.1 provides how criminal history points are assigned to determine a defendant's criminal history category based on prior sentences: (a) three points for a prior sentence of at least one year and one day, (b) two points for a prior sentence of at least sixty days, and (c) one point for any other sentence. Section 4A1.1 is read together with § 4A1.2(a)(2), which provides the "single sentence" rule:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or treated as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Treat any prior sentence covered by (A) or (B) as a single sentence. *See also* § 4A1.1(d).
>
> For purposes of applying § 4A1.1(a), (b), and (c), if prior sentences are treated as a single sentence, use the longest sentence of imprisonment if concurrent sentences were imposed. If consecutive sentences were imposed, use the aggregate sentence of imprisonment.

§ 4A1.2(a)(2).

Ward argues that the "single sentence" rule reduces his 2010 PWID conviction to a non-qualifying offense because he received a single sentence for that conviction and two other non-qualifying convictions. Ward received a single sentence of probation in 2010

5

for the three counts, so he contends there is no "longest sentence of imprisonment" that can receive criminal history points under § 4A1.1(a), (b), and (c) per the "single sentence" rule. Since the PWID conviction is not independently assigned a criminal history point under § 4A.1(a), (b), or (c), Ward argues it is not "counted separately" as required by § 4B1.2(c)'s definition of "Two Prior Felony Convictions."

Under Ward's interpretation, had he only been sentenced for the PWID conviction rather than receiving the single sentence for three criminal convictions, then the career offender enhancement would apply to him. But because he was sentenced for a qualifying predicate and non-qualifying crimes at the same time, then the PWID conviction cannot be treated as a predicate offense. We reject that the Guidelines require this counterintuitive result and find no requirement in §§ 4B1.2 and 4A1.2 that a qualifying predicate must independently receive a criminal history point to apply the career offender enhancement under § 4B1.1.[4]

This straightforward reading aligns with the purpose of § 4B1.1—to implement Congress's mandate to provide for lengthy periods of imprisonment for defendants convicted of two or more prior felonies, each of which is a crime of violence or a controlled substance violation. *See* 28 U.S.C. § 994(h); *see also* S. Rep. No. 98-225, at 175 (1983)

---

[4] In the alternative, Ward contends there is at least sufficient ambiguity to support invoking the "rule of lenity" in his favor, and the Government points to the Commentary to § 4B1.2 to support its interpretation. Because the text is unambiguous, we need not consider either. *See United States v. Haggerty*, 107 F.4th 175, 189 (3d Cir. 2024) (explaining the rule of lenity applies only when a Guideline "contains a grievous ambiguity or uncertainty") (cleaned up); *see also Chandler*, 104 F.4th at 450 ("Ambiguity is thus the key to permissible reliance on the guideline's commentary.").

("The [Senate Judiciary] Committee believes . . . that substantial prison terms should be imposed on repeat violent offenders and repeat drug traffickers."). The purpose of the career offender enhancement was to address "the large proportion of crimes committed by a small number of career offenders, and the inadequacy of state prosecutorial resources to address this problem." *Taylor v. United States*, 495 U.S. 575, 583–84 (1990). The logical reading of § 4B1.2(c)'s plain text is that the two prior felony convictions must be "counted separately" *from each other*—that is multiple convictions from a single sentence cannot be treated as separate qualifying predicates.[5] This reading matches the statutorily-defined purpose of the career offender Guideline—addressing the problem of a small number of repeat offenders committing a large number of crimes—and it prevents the counterintuitive result that Ward proposes.

At any rate, nothing in the text of §§ 4B1.1 or 4B1.2 suggests that a predicate offense must independently receive a criminal history point.[6] And so we hold that Ward—who

---

[5] Read in context, § 4B1.2's "counted separately" requirement guards against sentencing bootstrapping—a single criminal episode resulting in a single sentence technically satisfying the enhancement's requirement of at least two predicate crimes. *See United States v. Williams*, 753 F.3d 626, 639 (6th Cir. 2014). Section 4B1.2 does not address "the scoring of multiple crimes within a single predicate episode." *Id.* Also, "all § 4A1.2(a)(2) addresses is the number of points assigned to the grouped sentence. It does not say that only one sentence in the group receives the point(s)." *Donnell v. United States*, 765 F.3d 817, 820 (8th Cir. 2014).

[6] Ward cites to the Eighth Circuit's decision in *King v. United States*, 595 F.3d 844 (8th Cir. 2010), but the *King* court relied on Eighth Circuit precedent that to qualify as a predicate offense for career offender purposes, a felony "must *receive* criminal history points under subsection (a), (b), or (c) of [§] 4A1.1[,]" *id.* at 848 (quoting *United States v. Peters*, 215 F.3d 861, 862 (8th Cir. 2000)) (internal quotation marks omitted) (emphasis added). Ward's reliance on *King* is unavailing. This Court has not adopted a rule requiring that a prior felony *receive* criminal history points under § 4A1.1(a)-(c), and later Eight

---

7

had two convictions for controlled substance offenses separated by four years—qualified as a career offender under the Guidelines, and the District Court did not err in applying the enhancement when calculating his Guidelines range.

**B. The District Court's Sentence Was Procedurally and Substantively Reasonable.**

We review the reasonableness of a sentence—both procedural and substantive—for abuse of discretion. *United States v. Pawlowski*, 27 F.4th 897, 911 (3d Cir. 2022) (citing *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc)). We will affirm a sentence as procedurally reasonable if the District Court "(1) correctly calculated the defendant's advisory Guidelines range; (2) appropriately considered any motions for a departure under the Guidelines; and (3) gave meaningful consideration to the sentencing factors set forth in 18 U.S.C. § 3553(a)." *United States v. Freeman*, 763 F.3d 322, 335 (3d Cir. 2014).

The sentence imposed by the District Court was procedurally reasonable. First, the District Court correctly calculated Ward's Guidelines range. It applied the career offender enhancement and correctly calculated a Guidelines range of 188 to 235 months followed by a supervised release range of six years. Second, the District Court appropriately considered—and granted—a variance from the Guidelines range. Ward's 144-month sentence was 44 months shorter than the bottom of the Guidelines range. Third, the District Court meaningfully considered the § 3553(a) sentencing factors. It advised that it

---

Circuit panels have rejected the same argument Ward advances despite *King*'s holding. *See, e.g.*, *Donnell*, 765 F.3d at 819–20 (rejecting argument relying on *King*); *United States v. Ellis*, 815 F.3d 419, 423 (8th Cir. 2016) (same).

"[r]eviewed the entire file" including "[the] parties' positions with respect to sentencing factors" and all the parties' related briefing and exhibits. App. 162.

Ward argues the District Court procedurally erred by ignoring his policy-based argument that the career offender enhancement—as applied to him, a non-violent offender convicted only of controlled substance offenses—does not promote the purposes of sentencing. Even though the District Court did not give an in-depth analysis of Ward's policy argument, it was not required to do so. *See United States v. Quiles*, 618 F.3d 383, 397 (3d Cir. 2010) ("A sentencing court need not analyze explicitly every argument that a defendant puts forward."). The District Court complied with its duties and "adequately explained the chosen sentence." *United States v. Stevenson*, 832 F.3d 412, 431 n.12 (3d Cir. 2016).

The District Court's sentence was also substantively reasonable. In our review of substantive reasonableness, we "focus on . . . the totality of the circumstances[,]" and "we cannot presume that a sentence is unreasonable simply because it falls outside the advisory Guidelines range." *Tomko*, 562 F.3d at 567 (citing *Gall v. United States*, 552 U.S. 38, 50–51 (2007)). Reversal is justified only if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 568.

The District Court explained how the § 3553 factors influenced its decision in applying a downward variance from the Guidelines range. It acknowledged Ward's history of drug offenses, noting that a sentence of less than 144 months in prison "would not serve the interests of justice." App. 193. It noted that Ward committed the most recent offense while

9

under federal supervised release. And ultimately, the District Court reasoned that Ward's sentence "balance[d] on the one hand [Ward]'s acceptance of responsibility with, on the other hand, the very serious nature of his offense, his criminal history and the needs for just punishment, deterrence and rehabilitation." App. 192. We hold the District Court did not abuse its discretion in imposing a sentence that was both procedurally and substantively reasonable.

## IV. **Conclusion**

We will affirm the District Court's judgment.