# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-2245

_____

United States of America,

*Plaintiff - Appellee*,

v.

Tony Ray Pledge,

*Defendant - Appellant*.

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 13, 2016
Filed: July 8, 2016
[Unpublished]

_____

Before COLLOTON and GRUENDER, Circuit Judges, and BOUGH,[1] District Judge.

_____

PER CURIAM.

Tony Ray Pledge pleaded guilty to unlawful possession of a firearm as a previously convicted felon. *See* 18 U.S.C. § 922(g)(1). At sentencing, the district

_____

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

court determined that Pledge was an armed career criminal under 18 U.S.C. § 924(e) and sentenced him to 188 months' imprisonment. On appeal, Pledge challenges the armed career criminal determination.

The Armed Career Criminal Act provides for a minimum term of fifteen years' imprisonment for a felon in possession of a firearm, if the defendant has three previous convictions for a "violent felony" or a "serious drug offense," committed on occasions different from one another. 18 U.S.C. § 924(e)(1). Otherwise, the maximum punishment for Pledge's offense is ten years' imprisonment. *Id.* § 924(a)(2).

Before committing the offense in this case, Pledge had sustained two felony convictions for delivery of a controlled substance and one felony conviction for second-degree burglary in Iowa. Over Pledge's objection, the district court, relying on circuit precedent, concluded that Pledge's burglary conviction qualified as a violent felony and that he was subject to enhanced punishment under § 924(e)(1). The court then imposed a sentence of 188 months' imprisonment.

On appeal, Pledge argues that a conviction under the Iowa burglary statute does not qualify as a violent felony under § 924(e), because the elements of the Iowa burglary law are broader than those of generic burglary as defined in *Taylor v. United States*, 495 U.S. 575, 599 (1990). The Supreme Court recently agreed with Pledge's position. *Mathis v. United States*, No. 15-6092, 2016 WL 3434400, at *12 (U.S. June 23, 2016). Therefore, the district court erred in relying on Pledge's burglary conviction to classify him as an armed career criminal.

For these reasons, we vacate Pledge's sentence and remand the case for resentencing.

_____