# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-4149
_____

United States of America

*Plaintiff - Appellee*

v.

Tony Ray Pledge

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: November 13, 2017
Filed: February 9, 2018
[Unpublished]
_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

In 2015, Tony Ray Pledge pleaded guilty to unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g)(1). The United States Probation Office determined that Pledge qualified for an enhanced sentenced under the Armed Career Criminal Act ("ACCA") due to prior drug convictions and a prior burglary conviction. With that classification, Pledge was subject to an advisory sentencing guidelines range of 188

to 235 months and a mandatory minimum sentence of 15 years' imprisonment. On June 3, 2015, the district court[1] sentenced Pledge to 188 months' imprisonment. Pledge appealed his sentence to this court, arguing that his prior conviction for burglary did not qualify as a violent felony under the ACCA. In light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), which supported Pledge's position that the district court erred in relying on his burglary conviction to classify him as an armed career criminal, we vacated Pledge's sentence and remanded the case for resentencing. *See United States v. Pledge*, 667 F. App'x 566, 566-67 (8th Cir. 2016) (per curiam) (unpublished).

Shortly after Pledge's original sentencing in 2015, but before his resentencing, Pledge was convicted of contempt of court for violation of the terms and conditions of his probation related to a 2013 conviction for driving while intoxicated. This contempt conviction resulted in a ninety-day jail sentence. In light of these events, the Probation Office added two additional points to Pledge's total criminal history score in the amended presentence investigation report ("PSR") prepared for Pledge's resentencing. *See* U.S.S.G. § 4A1.1. After this adjustment, the amended PSR recommended an offense level of 21, a criminal history category of V, and a guidelines range of 70 to 87 months' imprisonment.

Pledge objected to the reliance on the contempt conviction in the criminal history calculation, claiming that because that conviction occurred after his initial sentencing, it could not be included. Excluding the 2015 conviction, Pledge argued that he should have a criminal history category of IV and a guidelines range of 57 to 71 months. The Government in turn argued that the amended PSR calculated Pledge's criminal history correctly because (1) the contempt conviction was not a new conviction for sentencing purposes but rather part of the total sentence applied to the

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

criminal history scoring of the original 2013 conviction, and (2) the district court is permitted to consider new convictions on resentencing. Moreover, the Government asked the court to depart upward to criminal history category VI no matter how it resolved Pledge's underlying objection.

The district court determined that the PSR accurately calculated Pledge's offense level as 21 and his criminal history as category V, but it ultimately found that the resulting guidelines range of 70 to 87 months was insufficient. The court explained that "[w]hether or not Mr. Pledge were scored to be criminal history V or criminal history IV, the Court's decision would be exactly the same. This is definitely a case where an upward departure to criminal history category VI is appropriate, and it doesn't matter where you start." With an offense level of 21 and a criminal history category of VI, Pledge's guidelines range was 77 to 96 months. Then, following a lengthy discussion of Pledge's underrepresented criminal history, the court noted that even if it made a mistake in the computation of Pledge's criminal history score or guidelines range, it "would give the very same sentence, and it would be a variance at that point, computing and taking into account the guidelines, but ultimately finding that the other 3553(a) factors weighed more heavily." The court sentenced Pledge to 96 months' imprisonment.

On appeal, Pledge again objects to his criminal history determination and the resulting guidelines range. "We review de novo the district court's construction and interpretation of the Sentencing Guidelines, but review the district court's application of the Guidelines to the facts only for clear error." *United States v. Charles*, 209 F.3d 1088, 1089-90 (8th Cir. 2000). "When the guidelines are incorrectly applied, we remand for resentencing unless the error was harmless, such as when the district court would have imposed the same sentence absent the error." *United States v. Idriss*, 436 F.3d 946, 951 (8th Cir. 2006). Here, the district court stated repeatedly that it would impose a 96-month sentence whether the original calculation should have resulted in criminal history category IV or V. It offered ample justification for that sentence.

Thus, even assuming the court erred, the error was harmless.  *See United States v. Pate*, 854 F.3d 448, 453 (8th Cir. 2017) ("Any error in the classification of this prior conviction was harmless because the district court expressly determined it would have imposed the same sentence.").

Accordingly, we affirm.

_____